## CARRERAS v. HOLLISTER'S HEIRS.
### No. 2110.

Court of Appeal of Louisiana. First Circuit.

April 10, 1940.

A. W. Spiller, of Hammond, for appellant.

Ellis & Bostick, of Amite, for appellees.

DORE, Judge.

Plaintiff alleges that he is the holder and owner, before maturity, of a certain promissory note, made and executed by Mrs. Alice T. Hollister, dated October 3, 1933, due thirty days after date and payable to her order and by herself endorsed, for the sum of One Thousand Dollars ($1,000), bearing interest at the rate of eight (8) per centum per annum from maturity, and providing for twenty-five (25) per centum of both principal and interest unpaid as attorney's fees; that the said note shows credits of payment of interest to October 3, 1934, and the extension of the due date to October 3, 1935; that the said note is paraphed "Ne Varietur" to identify it with an act of mortgage dated October 3, 1933, passed before Warren W. Comish, Notary Public for the Parish of Tangipahoa, executed by the said Mrs. Hollister, wherein the said Mrs. Hollister, in order to secure the said note, granted a mortgage on property owned by her and situated in the City of

Hammond. Plaintiff further alleges that, since the execution of the said note and mortgage, the said Mrs. Hollister died, leaving two children, namely Oliver C. Hollister and Marguerite Hollister, as her sole heirs, both of whom are made defendants herein. He seeks judgment against the defendants for the amount of the note, interest and attorney's fees in accordance with his allegations, with recognition of his mortgage rights on the property, and prays that the property be sold and he be paid the amount of his claim in preference and priority over all other persons.

Defendants, in answer, deny that plaintiff is the owner and holder of the said note prior to maturity and for a valuable consideration, but admit that such a note was executed by their mother, and that their mother has died leaving them as her sole heirs, and over that, as the sole heirs, they have accepted their mother's succession unconditionally. They further allege that one David Freeman, claiming to be the holder and owner of the said note, filed executory proceedings against their said mother in a suit entitled David Freeman v. Mrs. Alice T. Hollister, bearing No. 6182 of the docket of the Court for the Parish of Tangipahoa, which proceeding is made a part of the answer; that thereafter the defendants filed interdiction proceedings against their mother, being No. 6234 of the docket of the Court for the Parish of Tangipahoa and made a part of the answer, by virtue of which one of the defendants, namely Oliver C. Hollister, was appointed temporary administrator of the estate of their mother; that in his capacity as temporary administrator Oliver C. Hollister petitioned the court for an injunction to prevent the sale of the property in foreclosure, on the ground that Mrs. Hollister was insane 'at the time when she executed the note and mortgage; that after due trial thereon, a judgment was rendered, enjoining the sale of the property for lack of mentality on the part of Mrs. Hollister, and declaring the note and mortgage to be null and void; that the plaintiff had full knowledge of these proceedings and the judgment rendered thereon. They further allege that after the writ of injunction was perpetuated and the judgment ordering the cancellation of the note and mortgage was signed, their mother died prior to the completion of the interdiction proceedings by judgment. The prayer of the answer is that the note and mortgage be decreed to be null, void and of no effect, and that the note be returned to them and the mortgage cancelled.

Upon trial, judgment was rendered in favor of defendants; plaintiff has appealed.

The case presents three questions for determination: (1) Is the plaintiff the owner and holder of the note? (2) If so, is the note and mortgage invalid because of the mental incapacity of Mrs. Hollister at the time of their execution, and the effects of the proceedings referred to in defendants' answer? (3) If plaintiff is entitled to recover, is he entitled to recover the full amount of the note, or only $500, the amount actually received by the maker, with interest and attorney's fees?

We are not satisfied with the present status of the record to intelligently pass upon these questions and decide the case. It appears that the transcript is lacking the record in suit No. 6182, entitled David Freeman v. Alice Hollister, filed on January 27, 1934, and which we gather from the record to be a suit instituted by David Freeman against the mother of defendants for an order of executory process on the note in question. It further appears that on February 23, 1934, less than a month after the filing of the suit for the order of executory process, there were filed by Oliver Hollister, son of the defendant in the suit of Freeman v. Hollister, supra, proceedings alleging the insanity of his mother, and seeking to have himself appointed administrator of the estate of his mother in order that her rights might be protected in the said executory proceedings, and asking that she be interdicted, which proceedings bear No. 6234 of the docket of the Parish of Tangipahoa, the record of which is not contained in this transcript. It further appears that after his appointment as such administrator, the said Oliver Hollister in his official capacity instituted injunction proceedings, being No. 6252 of the docket for the Parish of Tangipahoa, against David Freeman, the plaintiff in suit No. 6182, supra, to have the note and mortgage declared null, void and of no effect, which latter record also is not included in this transcript. It is essential for the proper determination of this case that these records, including the judgments and orders rendered in these proceedings, be included in this transcript; and availing ourselves of the provision of Code of Practice, Article 906, this case will be remanded for the inclusion thereof.

For these reasons, this case is remanded to the lower court in order that the transcript may be completed by supplying the records mentioned herein, after which the transcript shall be returned to this court, the whole to be done in a period of sixty days from the date this order and decree shall become final.